**SO ORDERED.**

**SIGNED this 11 day of October, 2012.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

IN RE:

L.L. MURPHREY COMPANY,                    CASE NO. 12-03837-8-JRL
                                          CHAPTER 7
    DEBTOR.

_____

### ORDER

This matter came before the court on the motion for reconsideration of the court's order allowing the motion of the debtor and its officers to quash the order requiring several parties to submit to Rule 2004 examinations entered on July 31, 2012, to which the trustee and the debtor and its officers have objected.  A hearing was held on October 9, 2012, in Raleigh, North Carolina.

L.L. Murphrey Company ("debtor") filed its voluntary petition under chapter 7 of the Bankruptcy Code on May 21, 2012.  The debtor is an organization engaged in the operation of swine production facilities in Greene County, North Carolina.  The debtor previously filed a voluntary petition under chapter 11 of the Bankruptcy Code on June 8, 2000, and at the time of that filing, the debtor was in default to Wachovia Bank, N.A. ("Wachovia") in the amount of

$12,790,522.36.[1] In the previous chapter 11 case, Wachovia held personal guarantees against principals of the debtor, including Doris Murphrey ("Murphrey"), Larry Barrow, and Lois M. Barrow (collectively "debtor's officers"). On December 23, 2003, a portion of Wachovia's claim was acquired by CadleRock Joint Venture, L.P., which transferred it to D.A.N. Joint Venture III, L.P. ("DAN") on August 11, 2008.

Following the debtor's chapter 7 filing, DAN filed a motion seeking entry of an order directing the debtor and twenty-one other entities to appear for examination and produce documents, pursuant to Bankruptcy Rule 2004 on June 18, 2012. On June 20, 2012, the court entered an order granting DAN's motion. Thereafter on July 11, 2012, the debtor and its officers filed a motion to quash the order granting DAN's motion ("motion to quash"). This court conducted a hearing on the motion to quash on July 26, 2012, and entered an order allowing the debtor's motion as to all parties DAN sought to examine in the debtor's bankruptcy case. On July 23, 2012 (prior to the hearing and the court's entry of the order allowing the motion to quash), DAN filed an adversary proceeding against the debtor, the trustee, Little Bank, Inc., Cargill Incorporated, Cargill Animal Nutrition, Sowco, LLC, Branch Banking and Trust Company and Sideline Farms, LLC to determine the validity, extent and relative priority of liens these entities claim against the debtor's property. Larry Barrow, Lois Barrow and Murphrey filed a complaint in the Superior Court of Greene County, North Carolina seeking declaratory

---

[1] On July 13, 2001, this court entered an order confirming the debtor's fourth amended plan of reorganization in the debtor's chapter 11 case. Pursuant to the confirmed plan, the treatment of Wachovia's claims was divided into two notes: Note A and Note B. Note A was amortized and in the amount of $8,000,000.00 and called for monthly payments of $70,500.00. Note B was a cash flow note in the amount of $3,500,000.00, less any payments from certain swine sales netting more than $3,000,000.00, and provided for an excess cash flow based payment.

relief, pursuant to N.C. Gen. Stat. § 1-253, et seq. and N.C. Gen. Stat. § 1A-1, Rule 57, for the purpose of determining the rights and obligations under the guaranty agreements executed in favor of Wachovia and subsequently acquired by DAN ("state court action").

On August 14, 2012, DAN filed the motion for reconsideration of this court's order allowing the debtor's motion to quash that is now before the court ("motion for reconsideration").[2]  In its motion, DAN made substantial modifications to its initial request for Rule 2004 examinations and the production of documents.  As modified, the requests are narrower, addressed to fewer entities, and summarize the scope of the examination and the types of information sought from each entity.  Both the trustee and the debtor filed responses objecting to the motion for reconsideration.

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, made applicable by Rule 9023 of the Federal Rules of Bankruptcy Procedure. Fed. R. Civ. P. 59(e); Fed. R. Bankr. P. 9023(e).  The bankruptcy court will deny a motion to reconsider unless the movant can make a showing of one of the enumerated grounds for relief, which are: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. In re Mitrano, 409 B.R. 812, 819 (E.D. Va. 2009).  Reconsideration of a judgment is "an extraordinary remedy which should be used sparingly," and a motion for reconsideration is not intended to allow a party to relitigate matters the court has previously heard. Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).

---

[2] On September 25, 2012, DAN filed a motion to compel the trustee to prosecute or abandon the alter ego and fraudulent conveyance claims or authorize DAN to pursue the claims on a derivative basis.

3

An examination under Rule 2004 of the Federal Rules of Bankruptcy Procedure is not a substitute for discovery under Rule 26 of the Federal Rules of Civil Procedure. In re 2435 Plainfield Ave., Inc., 223 B.R. 440, 455 (Bankr. D.N.J. 1998).  Bankruptcy Rule 2004 states, "[o]n motion of any party in interest, the court may order the examination of any entity[;]" Fed. R. Bankr. P. 2004(a), however, the scope of the examination is limited to the acts, conduct, property or liabilities and financial condition of the debtor, or to any matter which may affect the administration of the bankruptcy estate. Fed. R. Bankr.P. 2004(b).  It is well recognized that "once an adversary proceeding or contested matter has been commenced, discovery is made pursuant to the Fed. R. Bankr. P. 7026 et seq., rather than by a Rule 2004 examination." In re Bennett Funding Group, Inc., 203 B.R. 24, 28 (Bankr. N.D.N.Y.1996); see In re Job P. Wyatt & Sons' Co., Case No. 11-02664-8-JRL, 2011 WL 5909534, at *1-2 (Bankr. E.D.N.C. July 14, 2011) ("[W]hen a contested matter or adversary proceeding is pending, Rule 2004 should not be used, but rather, the various discovery provisions of the Federal Rules of Civil Procedure should apply.").  The mere existence of a pending adversary proceeding does not place a blanket prohibition on Rule 2004 examinations; however, they may not be used in connection with "(1) entities affected by the pending adversary proceeding(s) and (2) issues addressed in its pending adversary proceeding(s)[.]" In re Buick, 174 B.R. 299, 306 (Bankr. D. Colo.1994).  "A creditor may conduct Rule 2004 examinations regarding issues in addition to or beyond the scope of its pending adversary proceeding." Id.

Based on the record, the court's review of the materials filed and the arguments of counsels, the motion for reconsideration **ALLOWED.**  Further review reveals that the issues and parties involved in the pending state court action and adversary proceeding are discrete and are

not related to the information sought by the modified requests for Rule 2004 examinations made by DAN in its motion for reconsideration, thus warranting a narrower application of the pending proceeding rule. DAN will not be allowed to conduct a Rule 2004 examination of the debtor itself because it would inevitably require the trustee to appear on behalf of the debtor; however, it will be permitted to conduct Rule 2004 examinations as to the remaining entities in accordance with those modifications made in its motion for reconsideration. Furthermore, DAN is directed to supply both the trustee and counsel for the entity subject to the Rule 2004 examination with notice and the opportunity to fully participate, thereby thwarting any issue regarding the admissibility of the testimony provided at the Rule 2004 examination in subsequent contested matters.

**END OF DOCUMENT**